In re SAPIRO.

(District Court, E. D. Wisconsin. January 30, 1899.)

BANKRUPTCY—PRODUCTION OF BANKRUPT'S BOOKS—PRIVILEGE AGAINST SELF CRIMINATING EVIDENCE.

A voluntary bankrupt cannot refuse to deliver the books of account kept by him in his business, and necessary to an investigation of his affairs, to his trustee, on the ground that matter contained therein might tend to criminate him. If the constitutional privilege extends to civil proceedings, the filing of a voluntary petition in bankruptcy operates both as a waiver of such privilege, in relation to the bankrupt's books, and as a transfer of the right of custody of the same to the court and its officers.

In Bankruptcy.

Louis Sapiro, having been adjudged bankrupt on his voluntary petition, was ordered by the referee to deliver to his trustee in bankruptcy certain books of account kept in the business which the bankrupt was conducting at the time of filing his petition. Upon the failure of the bankrupt to comply with this order, proceedings were instituted against him for contempt of court. The bankrupt contended that he should be excused from producing the account books, on the ground that matter contained therein, or the evidence thus furnished, might tend to criminate him, and claimed privilege under the fifth amendment to the constitution of the United States. The referee found, as facts, that the said books were in the possession or control of the bankrupt, and that they were necessary to enable the trustee to determine the state of the bankrupt's affairs and for his other purposes; and, as conclusions of law, that the title to said books vested in the trustee as of the date of his appointment, and that the bankrupt, in refusing to deliver them, was guilty of contumacious contempt of the orders and directions of the court. The referee's findings were certified to the judge for review.

Bloodgood, Kemper & Bloodgood, for trustee.
Timlin & Glicksman, for bankrupt.

SEAMAN, District Judge. Upon careful review of the authorities, I am satisfied that the bankrupt cannot be excused from production of the account books in question upon the ground of constitutional privilege. Whether the privilege exists in favor of a witness or party in a civil proceeding, as here presented, does not clearly appear from the decision of the supreme court in Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, or in the later case of Brown v. Walker, 16 Sup. Ct. 644; but I assume, for the purposes of this case, that it may be invoked in civil, as well as in criminal, proceedings. Although much stress in these opinions is placed upon the distinction that the investigation by the grand jury is of criminal nature there is force in the argument that the reasoning of the opinions applies equally to any proceeding in which a witness is required to testify; and such view has the support of recent decisions cited by counsel and of In re Emery, 107 Mass. 172, cited with approval in the Counselman Case. But the privilege is

asserted here in favor of the bankrupt to excuse him from producing the books of account kept in the business which he was conducting when his voluntary petition was filed to invoke the benefits, and submit to the requirements, of the bankruptcy law. He thereby elected to place all his property (aside from exemptions), including these books of account, which contain apparently the only evidence of credits outstanding, at the disposition of this court. If he were otherwise privileged to withhold the books, his petition operates both as a waiver and as a transfer of the right of custody, and the books cannot now be withheld or withdrawn upon the assertion that they may contain criminating evidence or matter. If within the knowledge or control of the petitioner, the books must be disclosed and produced. Ruling upon the facts is postponed for the hearing of further testimony.